UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| ANDY QUACH, | No. CV 12-01674-VBK |
| Plaintiff, | MEMORANDUM OPINION AND ORDER |
| v. | (Social Security Case) |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | |
| Defendant. | |

This matter is before the Court for review of the decision by the Commissioner of Social Security denying Plaintiff's application for disability benefits. Pursuant to 28 U.S.C. §636(c), the parties have consented that the case may be handled by the Magistrate Judge. The action arises under 42 U.S.C. §405(g), which authorizes the Court to enter judgment upon the pleadings and transcript of the Administrative Record ("AR") before the Commissioner. The parties have filed the Joint Stipulation ("JS"), and the Commissioner has filed the certified AR.

Plaintiff raises the following issues:

1.   Whether the Administrative Law Judge ("ALJ") erred in the

1             assessment of Plaintiff's mental residual functional
2             capacity;
3    2.   Whether the ALJ erred in the credibility findings; and
4    3.   Whether the ALJ erred in relying on the vocational experts'
5         response to his incomplete hypothetical question.
6 (JS at 2-3.)

8    This Memorandum Opinion will constitute the Court's findings of
9 fact and conclusions of law. After reviewing the matter, the Court
10 concludes that for the reasons set forth, the decision of the
11 Commissioner must be reversed and the matter remanded.

**I**

**THIS CASE WILL BE REMANDED FOR FURTHER EVALUATION OF**

**PLAINTIFF'S MENTAL RESIDUAL FUNCTIONAL CAPACITY AND CREDIBILITY**

Plaintiff Andy Quach ("Plaintiff") was born on August 16, 1991. (AR 380.)  In his Decision (AR 13-22), the ALJ determined that Plaintiff has severe impairments of autistic disorder (Asperger's) syndrome, and attention deficit hyperactivity disorder ("ADHD"). (AR 15.)  The ALJ determined that Plaintiff has non-exertional limitations, due to mental functioning issues, restricting him to jobs involving only simple, repetitive tasks with limited public contact. (AR 16.)

There are numerous diagnostic and evaluative records in the AR, including reports from psychiatrists, school psychologists, teachers, and other professionals.  Pertinent reports were prepared by Dr. Robert Rome, Ph.D., who performed a psychological evaluation on August 9, 2006 at the request of the North Los Angeles Regional Center (AR

270-277); a report of the Behavior Education Services Team ("BEST") to whom Plaintiff was referred by the North Los Angeles Regional Center (AR 310-312); a report of Los Angeles Unified School District ("LAUSD") school psychologist Dr. Marjorie Warren-Goldstein (AR 380-388); a report of Dr. Jerold Parrish, M.D., Plaintiff's treating psychiatrist at Kaiser Permanente (AR 646-656); a report of Dr. Donald Gallo, Ph.D., a psychologist at Kaiser Permanente (AR 640-644); a report of consultative psychological examiner ("CE") Dr. Lou Sherrill, Ph.D. (AR 604-609); and the opinion of the State Agency non-examining consultant, Dr. R. Tasjian, M.D. (AR 615-617, 618-628).

What is apparent from an overall reading of these documents is that Plaintiff has manifested continuous and extreme behavior difficulties, including difficulties with peers, teachers, and his parents, and severe difficulties following instructions. The report of treating psychiatrist Dr. Parrish, and in particular, and the form he thereafter filled out entitled Medical Source Statement of Ability to do Work-Related Activities ("Mental") is particularly relevant and instructive. Consistent with the ALJ's finding of severe impairments, Dr. Parrish diagnosed Plaintiff on Axis I with Asperger's disorder and ADHD. (AR 648.) Dr. Parrish noted moderate limitations in Plaintiff's ability to understand and remember short, simple instructions and to carry out short and simple instructions. As to Plaintiff's ability to carry out detailed instructions, Dr. Parrish found marked limitations, as he did with Plaintiff's ability to make judgment on simple work-related decisions, and in understanding and remembering detailed instructions. (AR 654.) The psychiatrist found extreme limitations (i.e., greater than "marked") in Plaintiff's ability to interact appropriately with the public, with co-workers, and to respond

3

appropriately to work pressures in a usual work setting. Marked limitations were found in Plaintiff's ability to respond appropriately to changes in a routine work setting. (AR 655.)

The ALJ summarized Dr. Parrish's conclusions, but found that they were "not supported by the evidence of record referred to above [e.g., the evidence summarized at AR 17-19], insofar as the [Plaintiff] demonstrates he is able to function, especially with tasks involving simple instructions. Therefore, Dr. Parrish's opinions are entitled to some but not controlling weight." (AR 20.) For the following reasons, the Court finds that the ALJ's articulated reasons fall short of the substantial evidence requirement.

First, the ALJ's statement that Dr. Parrish's conclusions are not supported by the evidence in the record is an over-generalization, and renders it difficult for the Court to determine exactly what specific evidence the ALJ found in the record to be inconsistent with Dr. Parrish's finding and opinion. In addition, the ALJ failed to note that Dr. Parrish's "check the box" form was supported by his treatment notes. (AR 646-652.) In any event, there are very substantial indications in the record from both medical professionals, teachers, and other qualified lay witnesses that Plaintiff has very extreme or marked difficulties in social interactions. This is noted, for example, in the very extensive discussion in the BEST report (AR 310-312), in which the BEST team observed Plaintiff become easily agitated and have difficulty following instructions. (AR 311-312.) The observation team opined that, "It is believed that [Plaintiff's] bursts of anger, aggression and property destruction function to escape or avoid situations in which he does not want to take part or activities he does not want to do." (AR 312.)

4

    The school psychologist, Dr. Warren-Goldstein, found that Plaintiff has "severe difficulties with attention skills," gets "easily distracted," and is "disruptive both at home and at school." He becomes fixated on his computer and does not want to do anything else, has difficulties following directions or paying attention, and is disruptive. He has few friends. (AR 387-388.) It is difficult to see how there is any inconsistency between Dr. Parrish's assessments and those of Dr. Warren-Goldstein. The ALJ acknowledged Plaintiff's "limitations in attention/concentration and difficulty getting along with people," but found that these were not "totally disabling." The ALJ stated, "Moreover, just because the [Plaintiff] required services from the Los Angeles Unified School District and the Regional Center, this does not mean he is unable to function in an employment situation." (AR 20, exhibit citation omitted.) This is basically a non sequitur. Moreover, it is followed by the ALJ's notation that, "the evidence of record shows the [Plaintiff] is able to attend school daily, go to the gymnasium and work extensively on the family computer despite his sleepiness." (Id., citation omitted.) An examination of these statements indicates that they are factually unsupported.

    As to the ALJ's conclusion that Plaintiff is able to "work extensively on the family computer," a brief examination of the testimony at the hearing (AR 53-76) belies that characterization. When questioned by the ALJ, Plaintiff indicated that he spent five or six hours a day, and had done so over a long period of time, on his computer, but what he does is play games and watch shows. (AR 63.) There is nothing to indicate that he works or does anything productive on his computer. Other records support the fact that Plaintiff does not do anything productive on his computer. For example, the report

5

of the BEST team indicates that Plaintiff "plays" on his computer. (AR 310.)

The report of the LAUSD school psychiatrist lends further consistency to the inadequacy of the ALJ's characterization that Plaintiff is "able to attend school daily." Indeed, the school psychologist indicated that "efforts to intervene in the regular classroom did not result in [Plaintiff's] ability to perform successfully in the regular classroom and is the impetus of this evaluation." (AR 381.) At the time of the evaluation, Plaintiff was "failing many of his classes. His effort and cooperation grades are unsatisfactory as well. [Plaintiff] is reported to be disruptive, has difficulties following directions, is inattentive, and easily distracted." (AR 382.)

Finally, the ALJ's reliance on a conclusion that Plaintiff goes to the gymnasium is, even if it were true, irrelevant to the disability determination. But in any event, according to the ALJ, Plaintiff reported "he would not exercise unless someone accompanied him to the gymnasium, ..." (AR at 20.) If Plaintiff were placed in a job requiring simple, repetitive tasks, no one would accompany him.

The question here is not whether Plaintiff has the intellectual ability to do simple, repetitive tasks. Rather, it is whether Plaintiff can work 40 hours a week at a job which would require him to be prompt and diligent, focus on the task, get along with co-workers and with supervisors, and function successfully. While the Court is aware that individuals with autism and Asperger's syndrome can and do function in society and in the workplace with proper professional assistance and guidance, consider Plaintiff, who in the Summary prepared by the LAUSD school psychiatrist, is functioning at the

6

following level:

> "Parents and teachers rate [Plaintiff] as having severe difficulties with attention skills, as being easily distracted, and as being disruptive both at home and at school. [Plaintiff] is described at home as being fixated on his Computer and not wanting to do anything else. At school, [Plaintiff] is described as being unmotivated, as having difficulties following directions, paying attention, and as being disruptive. He will yell out random phrases in the classroom, fidgets with his hair and his fingers, has difficulty making eye contact, has difficulties having a conversation with adults or peers, and has few friends. These difficulties are severely impacting his educational performance."

(AR 387-388.)

The Court has seriously considered simply remanding this matter for calculation of benefits. The Court has determined, however, to remand this to the Commissioner for a full and further hearing and examination. On rehearing, the ALJ must be mindful of the hypothetical question posed at the hearing to the vocational expert ("VE") (AR 72-73), which posited only moderate limitations in Plaintiff's behavioral functioning. If Dr. Parrish's conclusions were to be accepted, and instead, a hypothetical were to be posed to a VE which contained limitations more consistent with those rendered by Dr. Parrish, and indeed, more consistent with the record as a whole, the result would be such as the VE testified; i.e., this individual would not be able to participate in the competitive job market. (See AR at

74-75.)  Unless there are compelling reasons to reject this evidence in the record, it would appear that Plaintiff will be found disabled.

The Court's discussion effectively disposes of the second and third issues.  As to the second issue, the credibility findings, the Court has already noted that the ALJ's reliance upon Plaintiff's ability to attend school daily, go the gymnasium, and work extensively on the family computer are all incomplete and/or incorrect statements, and may not be relied upon in the credibility determination.

As to the third issue, the hypothetical question posed to the VE, the Court has already indicated that if Dr. Parrish's non-exertional limitations are accepted, then the hypothetical question posed to the VE by the ALJ is incomplete and may not be relied upon.

This matter will be remanded for further hearing pursuant to the instructions set forth in this Opinion.

**IT IS SO ORDERED.**

DATED: November 30, 2012              /s/
                                      VICTOR B. KENTON
                                      UNITED STATES MAGISTRATE JUDGE